UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY RIVERS,

      Petitioner,                     Case No. 2:14-CV-13392

          v.               UNITED STATES DISTRICT COURT JUDGE
                                 GERSHWIN A. DRAIN

LORI GIDLEY,

      Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

## I. INTRODUCTION

Michigan prisoner Gregory Rivers ("Petitioner") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 asserting that he is being held in violation of his constitutional rights. In 2011, Petitioner was convicted of carjacking, MICH. COMP. LAWS § 750.529a, first-degree home invasion, MICH. COMP. LAWS § 750.110a(2), unlawful imprisonment, MICH. COMP. LAWS § 750.349(1)(b); unarmed robbery, MICH. COMP. LAWS § 750.530, and unlawfully taking possession of and driving away with an automobile, MICH. COMP. LAWS § 750.413, following a bench trial in the Wayne County Circuit Court. In 2012, he was sentenced to thirty to sixty years imprisonment on the carjacking conviction,

five to twenty years imprisonment on the home invasion conviction, four to fifteen years imprisonment on the unlawful imprisonment and unarmed robbery convictions, and two to five years imprisonment on the taking possession and driving away conviction. The sentences are to run concurrently, with the exception of the home invasion sentence, which is consecutive to the other sentences.

Petitioner raises claims concerning the pre-trial identification procedure, the impartiality of the trial judge, and the sufficiency of the evidence for his carjacking conviction. For the reasons stated, the Court denies the petition. The Court also denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

## II.  FACTS AND PROCEDURAL HISTORY

Petitioner's convictions arise from an incident in which he broke into a woman's apartment, tied her up, took her wallet, laptop, cell phone, watch, jewelry, and car keys, and then drove away in her car. When police pulled him over a short time later, he attempted to flee but crashed and flipped the car. Petitioner was found in the car along with the personal items and arrested.  He fit the victim's general description and was later identified by the victim upon the showing of a photo and at the preliminary examination and trial.

Following his convictions and sentencing, Petitioner did not pursue a direct appeal in the state courts. With the assistance of appointed counsel, he instead filed

a motion for relief from judgment with the state trial court raising the three claims contained in his habeas petition. The trial court denied relief pursuant to Michigan Court Rule 6.508(D)(3), finding that Petitioner failed to establish good cause for not raising his claims in a direct appeal and that, because the claims lacked merit, he failed to establish prejudice. *People v. Rivers*, No. 11-009553-01 (Wayne Co. Cir. Ct. May 31, 2013). Petitioner then filed an application for leave to appeal with the Michigan Court of Appeals, which was denied "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Rivers*, No. 316637 (Mich. Ct. App. Oct. 29, 2013) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was similarly denied. *People v. Rivers,* 845 N.W.2d 112 (2014).

Petitioner thereafter filed his federal habeas petition raising the following claims:

I.      The trial court violated his due process rights by refusing to suppress the victim's identification which resulted from an unduly suggestive single photo show-up.

II.     His due process right to a fair trial before an impartial judge was violated when the trial judge improperly questioned the victim in a manner which assumed the truth of her allegations.

III.    The prosecution submitted insufficient evidence to sustain his carjacking conviction.

-3-

Dkt. No. 1 at 3 (Pg. ID No. 3). Respondent has filed an answer to the petition contending that it should be denied because the claims are barred by procedural default and/or lack merit. Petitioner has filed a reply to that answer.

### III.   STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in 28 U.S.C. § 2241 *et seq.*, provides the standard of review for federal habeas cases brought by state prisoners. The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.' " *Mitchell v. Esparza*, 540 U.S. 12, 15–16 (2003) (per curiam)

(quoting *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "In order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision . . . must have been 'objectively unreasonable,' " not merely incorrect or erroneous. *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.' " *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fair-minded jurists could disagree' on the correctness of [the state court's] decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102 (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)).   Thus, in order to obtain federal habeas relief, a state prisoner must show that the state court's rejection of a claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Id.* at 103*; see also White v. Woodall*, 134 S. Ct. 1697, 1702 (2014). Federal judges "are required to

afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015).

Section 2254(d)(1) limits a federal court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court"); *Lockyer*, 538 U.S. at 71–72. Additionally, § 2254(d) also "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.' " *Harrington*, 562 U.S. at 100. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002).

Circuit Court precedent cannot provide the basis for habeas relief under the ADEA. *Parker v. Matthews*, 132 S. Ct. 2148, 2155 (2012) (per curiam); *see also Lopez v. Smith*, S. Ct. 1, 2 (2014) (per curiam). The decisions of lower federal

courts, however, may be useful in assessing the reasonableness of a state court's decision. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002)).

Lastly, a state court's factual determinations are presumed correct on federal habeas review. 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360–61 (6th Cir. 1998). Moreover, federal habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## IV. DISCUSSION

Petitioner asserts that he is entitled to relief because the police used an unduly suggestive pre-trial identification procedure, the trial judge was biased against him, and the prosecution did not present sufficient evidence to support his carjacking conviction. Respondent contends that Petitioner's claims are barred by procedural default because he first raised them on collateral review in the state courts, he was denied relief under Michigan Court Rule 6.508(D)(3), and he has not shown either cause and prejudice, or that a fundamental miscarriage of justice has occurred. Respondent also contends that the claims lack merit.

### A. *Procedural Default*

Federal habeas relief is precluded on claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules. *Wainwright v. Sykes*, 433 U.S. 72, 85–87 (1977). The doctrine of procedural default is applicable when a petitioner fails to comply with a state procedural rule, the rule is actually relied upon by the state courts, and the procedural rule is "independent and adequate." *White v. Mitchell*, 431 F.3d 517, 524 (6th Cir. 2006); *see also Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005). The last explained state court judgment should be used to make this determination. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-05 (1991). If the last state judgment is a silent or unexplained denial, it is presumed that the last reviewing court relied upon the last reasoned opinion. *Id.*

Petitioner first presented his habeas claims to the state courts in his motion for relief from judgment on collateral review. The Michigan Supreme Court denied relief pursuant to Michigan Court Rule 6.508(D), which provides, in part, that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom. *See* MICH. CT. R. 6.508(D)(3). The United States Court of Appeals for the Sixth Circuit has held that the form order used by the Michigan Supreme Court to deny leave to appeal in this case is

-8-

unexplained because its citation to Michigan Court Rule 6.508(D) is ambiguous as to whether it refers to a procedural default or a rejection on the merits. *See Guilmette v. Howes*, 624 F.3d 286, 291–92 (6th Cir. 2010) (en banc). Consequently, under *Guilmette*, the Court must "look through" the unexplained order of the Michigan Supreme Court to the state trial court's decision to determine the basis for the denial of state post-conviction relief. *Id.*

In this case, the state trial court denied relief on procedural grounds by finding that the claims lacked merit and ruling that Petitioner had not shown cause and prejudice under Michigan Court Rule 6.508(D)(3) for his failure to raise the claims on direct appeal of his convictions. The state courts thus clearly relied upon a procedural default to deny Petitioner relief on his claims. His claims are thus procedurally defaulted.

A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750–51 (1991); *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007); *Gravley v. Mills*, 87 F.3d 779, 784–85 (6th Cir. 1996).

In reply to Respondent's answer, Petitioner argues that he has cause to excuse his procedural default of not pursuing a direct appeal of his convictions in

state courts. With regard to pursuing an appeal of right, he asserts that he attempted to request appellate counsel and file such an appeal, but the court did not receive his appeal of right form on time. With regard to pursuing leave to appeal, he asserts that the court reporter did not timely inform him and appointed appellate counsel that a requested trial transcript did not exist and that appellate counsel ran out of time to file an application for leave to appeal and instead filed a motion for relief from judgment.

Petitioner, however, fails to establish sufficient cause to excuse his procedural default. First, while he asserts that he attempted to file an appeal of right in a timely fashion, he offers no documents, such as prison or postal records, which reflect a timely mailing. His notice of appeal rights form is stamped received on May 3, 2012 – well after the 42-day time limit for requesting appointed appellate counsel and filing an appeal of right. *See* MICH. CT. R. 7.204(A)(2). Moreover, Petitioner only signed and dated the acknowledgment of rights portion of that form is signed and dated by Petitioner (on February 3, 2012). The appointment of counsel request portion of the form is unsigned and undated. It thus appears Petitioner lost his appeal of right through his own error or neglect.

Second, even after losing his appeal of right, Petitioner had the opportunity to pursue a direct appeal of his convictions by filing an application for leave to appeal within six months of sentencing, but  failed to do so. *See* MICH. CT. R.

-10-

7.205(G). He asserts that this delay was due to tardiness in obtaining transcripts and the court reporter not timely informing him and appellate counsel that there was no transcript for December 12, 2011. The state court record, however, reflects that Petitioner was appointed appellate counsel on June 18, 2012 and that trial and sentencing transcripts were ordered that day. The trial and sentencing transcripts were filed on June 19, 2012 and/or July 19, 2012 and the court reporter certified that there was no record to transcribe for December 12, 2011 on July 16, 2012. These events occurred within the six-month time frame for seeking leave to appeal. Thus, any delay by the court reporter did not prevent the timely filing of an application for leave to appeal. Moreover, Petitioner could have filed an application for leave to appeal within the six-month period and submitted any required transcripts when they became available. *See* MICH. CT. R. 7.205(B).

Petitioner also seems to assert that appellate counsel was ineffective for failing to file an application for leave to appeal (and instead filing a motion for relief from judgment) as cause to excuse his procedural default. Petitioner, however, did not raise the issue of ineffective assistance of appellate counsel in his motion for relief from judgment or related appeals in the state courts. Because he has not properly exhausted the ineffective assistance of appellate counsel issue in the state courts, he has effectively waived that issue and it may not serve as cause to excuse his procedural default here. *See Edwards v. Carpenter*, 529 U.S.

-11-

446, 453 (2000); *Jacobs v. Mohr*, 265 F.3d 407, 417–18 (6th Cir. 2001). Petitioner thus fails to establish cause to excuse his procedural default.

### B. Evidence

The Court need not address the issue of prejudice when a petitioner fails to establish cause to excuse a procedural default. *Smith v. Murray*, 477 U.S. 527, 533 (1986); *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir. 1983). Nonetheless, even assuming that Petitioner establishes cause to excuse his default, he cannot establish prejudice because his claims lack merit for the reasons stated by the trial court in denying relief from judgment and as discussed by Respondent in the answer to the petition.

Briefly stated, Petitioner's suggestive identification procedure claim lacks merit because the victim's trial identification was sufficiently reliable. *See United States v. Wade*, 388 U.S. 218, 241 (1967); *United States v. Crozier*, 259 F.3d 503, 510 (6th Cir. 2001) (citing *Ledbetter v. Edwards*, 35 F.3d 1062, 1070 (6th Cir. 1994)). Furthermore, any such error was harmless given that the police captured Petitioner shortly after the incident while he was driving the victim's car and was in possession of her stolen items. *See Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (holding that a constitutional error implicating trial procedures is considered harmless on habeas review if it did not have a "substantial and injurious effect or influence in determining the jury's verdict"); *Ruelas v.*

-12-

*Wolfenbarger*, 580 F.3d 403, 411 (6th Cir. 2009) (ruling that *Brecht* is "always the test" in the Sixth Circuit).

Petitioner's judicial bias claim lacks merit because the record indicates that the trial judge merely asked the victim clarifying questions during the bench trial and there is no indication that the judge pierced the veil of impartiality or was otherwise biased against Petitioner. *See Bracy v. Gramley*, 520 U.S. 899, 904–05 (1997) (due process requires a trial before a judge with no actual bias against the defendant or an interest in the outcome); *Liteky v. United States*, 510 U.S. 540, 555–56 (1994); *Johnson v. Bagley*, 544 F.3d 592, 597 (6th Cir. 2008) (a constitutional violation occurs only when a judge's conduct shows "a predisposition so extreme as to display clear inability to render fair judgment"); *United States v. Joseph*, 781 F.2d 549, 552 (6th Cir. 1986) (bench trial judge is presumed to consider only relevant and admissible evidence in reaching a decision).

Petitioner's insufficient evidence claim lacks merit because the prosecution presented sufficient evidence, namely the victim's testimony, to support his carjacking conviction. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (holding that the question on a sufficiency of the evidence claim is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable

-13-

doubt."); *Tucker v. Palmer*, 541 F.3d 652, 658 (6th Cir. 2008) (a victim's testimony alone can be sufficient to sustain a conviction). Moreover, a state court's interpretation of state law "binds a federal court sitting on habeas review." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *see also Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) (state courts are the final arbiters of state law); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002).

Lastly, Petitioner fails to demonstrate that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). To be credible, such a claim of actual innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Additionally, actual innocence means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Petitioner makes no such showing. His claims are thus barred by procedural default, otherwise lack merit, and do not warrant federal habeas relief.

## V. CONCLUSION

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his claims and the petition must be denied. Accordingly,

-14-

the Court **DENIES** and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); FED. R. APP. P. 22(b). A certificate of appealability may issue only if a habeas petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies habeas relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id*. Having considered the matter, the Court concludes that Petitioner fails to make a substantial showing of the denial of a constitutional right and jurists of reason would not find the Court's procedural ruling debatable. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. *See* FED. R. APP. P. 24(a).

-15-

This matter came before the Court on a (*pro se*) habeas corpus petition under 28 U.S.C. § 2254.  For the reasons given in the Opinion and Order issued on this date,

**IT IS ORDERED** that the Habeas Corpus Petition is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

Dated at Detroit, Michigan, this 28th, day of JUNE, 2016.


/s/Gershwin A Drain
GERSHWIN A. DRAIN
UNITED STATE DISTRICT JUDGE

DAVID J. WEAVER
CLERK OF THE COURT

BY: T. Bankston
DEPUTY CLERK

-16-